Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
2833 North Central Ave., #613
Phoenix, AZ 85004
602 4459819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

Larry P. Smith (6217162)
Admitted *Pro Hac Vice*
Krohn & Moss, Ltd.
205 North Michigan Avenue
40th Floor
Chicago Illinois 60601
312 222 9028
lsmith@lpsmithlaw.com
Attorney for Plaintiff

THIS DOCUMENT HAS NOT BEEN SUBMITTED ELECTRONICALLY AS REQUIRED BY THE DISTRICT OF ARIZONA'S ADMINISTRATIVE POLICIES AND PROCEDURES MANUAL

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SEAN MANDEVILLE, | ) Case No. |
| Plaintiff, | ) CV'07 0598 PHX ECV |
| vs. | ) COMPLAINT |
| RSI ENTERPRISES, INC., | ) |
| Defendant. | ) |

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, as amended.

1

## II.   Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.   Parties

3. Plaintiff, SEAN MANDEVILLE, is an adult individual and citizen of the State of Arkansas.

4. Defendant, RSI ENTERPRISES, INC., is a business entity that regularly conducts business in all cities and counties in the United States, and is a corporation whose principal place of business is located in the State of Arizona. Furthermore, at all relevant times herein, Defendant acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed TMC Healthcare.

5. Defendant is aware that the credit reporting agencies to whom it is providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

6. Defendant is also aware that the reporting of a item on one's credit report as a collection conveys the message to current and potential creditors, employers and insurers that the consumer has either refused to pay or has an

inability to pay a debt that he or she owes. Defendant also uses credit reporting as a means of collection in that Defendant is aware that a consumer would pay a debt to avoid continued reporting of a collection on his or her credit report

7. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies.

8. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff having an account in collections with Defendant because a medical bill was not paid to the original creditor, Tucson Medical Center.

9. Specifically, the Plaintiff asserts that he was never aware of the fact that the treatment was provided to a child for which he maintained financial responsibility, he was never sent an original bill prior to the account being placed in collections, was never given any notice of the account prior to it being reported on his credit file, was never was given the opportunity to timely pay the account, and never refused to pay the bill. Despite providing Defendant with notice of these facts, Defendant has disseminated information that the account remains as an unpaid collection and as an untimely payment.

10. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

11. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

12. In November of 2006, Plaintiff disputed the inaccurate information with the credit reporting agencies by written communication to its representatives and by following the reporting agencies' established procedure for disputing consumer credit information.

13. Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agency, said agency notified Defendant of Plaintiff's dispute and the nature of the dispute.

Defendant then and there owed to Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

14. Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

15. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed and refused to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

16. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   c. Decreased credit score which may result in inability to obtain credit on future attempts.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## IV. Allegations

### COUNT ONE

### VIOLATIONS OF FCRA v. RSI ENTERPRISES, INC.

19. Plaintiff re-alleges and incorporates paragraphs 1 – 18 as if fully set forth herein.

20. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

21. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

22. At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

23. This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

(c) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(d) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(e) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

(f) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

24. This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## COUNT TWO

## VIOLATIONS OF THE FDCPA v. RSI ENTERPRISES, INC.

25. Plaintiff re-alleges and incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. In November of 2006, Plaintiff accessed his credit file and discovered an account reported by Defendant in the amount of $595.00.

27. In November of 2006, Plaintiff disputed the debt, as this was the first time he had notice of any such account.

28. Plaintiff thereafter contacted Defendant directly to inquire about the account and found out it was for a medical expense dating back to 2001 which belonged to his son of which Plaintiff was unaware and never received a bill for.

29. Defendant refused to remove the account from Plaintiff's credit file and refused to mark the account as "disputed by consumer."

30. On January 11, 2007, Defendant sent Plaintiff a collection letter, over three years after opening the account.

31. In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

   a. Communicated or threatened to communicate to any person credit information which is known or which should be known to be

false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. § 1692e(8).

32. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

## V. Jury Trial Demand

33. Plaintiff demands trial by jury on all issues so triable.

## VI. Prayer For Relief

WHEREFORE, Plaintiff, SEAN MANDEVILLE, seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

(e) An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)  An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g)  Such other and further relief as may be necessary, just and proper.

Respectfully submitted this 21st day of March, 2007

By: _____
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
2833 North Central Ave., #613
Phoenix, AZ 85004
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

Larry P. Smith (6217162)
Admitted *Pro Hac Vice*
Krohn & Moss, Ltd.
205 North Michigan Avenue
40th Floor
Chicago Illinois 60601
312 222 9028
lsmith@lpsmithlaw.com
Attorney for Plaintiff